BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00086-KJM-DAD |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| 2007 NISSAN ALTIMA, VIN: 1N4AL21E37N439746, LICENSE NUMBER: 6BDT716, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On March 21, 2012, agents with the Drug Enforcement Administration ("DEA") adopted the defendant 2007 Nissan Altima, VIN: 1N4AL21E37N439746, License Number: 6BDT716 (hereafter "defendant vehicle") for federal forfeiture.  The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about July 30, 2012, the DEA received a claim from Erik Schlief asserting an ownership interest in the defendant vehicle.  The defendant vehicle is registered to Erik Schlief.

2. The United States represents that it could show at a forfeiture trial that on or about February 23, 2012, an undercover deputy with the El Dorado County Sheriff's Department arranged a reverse sting operation wherein he would sell thirty pounds of

marijuana to Juan Guadalupe De La Cerda ("Cerda") and Erik Schlief ("Schlief"). Schlief and Cerda drove the defendant vehicle to the staged drug deal in South Lake Tahoe and told the deputy that the marijuana was to be sold at "The Tree House," a medical marijuana dispensary in San Jose, California. Cerda and Schlief discussed the deal terms with the undercover deputy and Schlief went to the defendant vehicle to grab the money to "show" the dealer that they were serious. He returned to the group and stated that he could not get "the lid" off of the compartment, later determined to be the vehicle's side panel. Cerda then went to the defendant vehicle and returned with several envelopes containing bulk cash. The parties then agreed on a price of $1,300 per pound for the marijuana.

3. The United States could further show at trial that a few hours later, the parties met to finalize the marijuana purchase. Schlief and Cerda, who again arrived in the defendant vehicle, stated that they only had enough for "29 pounds"; the undercover deputy agreed to the modified deal. El Dorado County Sheriff's deputies then arrested Schlief and Cerda. A search of the two revealed $38,804 in currency, approximately nine grams of marijuana, and a vacuum sealer commonly used to transport drugs. During a Mirandized interview, Schlief stated that he worked for Cerda at The Tree House dispensary and that Cerda asked him to drive to South Lake Tahoe to buy marijuana. Schlief and Cerda were charged with several state criminal drug violations and are currently awaiting trial.

4. The United States could further show at a forfeiture trial that the defendant vehicle is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

5. Without admitting the truth of the factual assertions contained above, Erik Schlief specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Erik Schlief agrees that an adequate factual basis exists to support forfeiture of the defendant vehicle. Erik Schlief acknowledges that he is the sole owner of the defendant vehicle, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind

1  of claim or action against the government with regard to its forfeiture of the defendant
2  vehicle, Erik Schlief and Steven Schlief shall hold harmless and indemnify the United
3  States, as set forth below.

4      6.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345
5  and 1355, as this is the judicial district in which acts or omissions giving rise to the
6  forfeiture occurred.

7      7.    This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial
8  district in which the defendant vehicle was seized.

9      8.    The parties herein desire to settle this matter pursuant to the terms of a
10 duly executed Stipulation for Consent Judgment of Forfeiture.

11 Based upon the above findings, and the files and records of the Court, it is hereby
12 ORDERED AND ADJUDGED:

13     9.    The Court adopts the Stipulation for Consent Judgment of Forfeiture
14 entered into by and between the parties.

15     10.    All right, title, and interest of Erik Schlief in the defendant 2007 Nissan
16 Altima, VIN: 1N4AL21E37N439746, License Number: 6BDT716 shall be forfeited to the
17 United States pursuant to 21 U.S.C. § 881(a)(4), to be disposed of according to law.

18     11.    Upon entry of this Consent Judgment of Forfeiture, the U.S. Marshals
19 Service shall sell the defendant vehicle in the most commercially feasible manner, as
20 soon as reasonably possible, for the maximum price.  Potential claimant Erik Schlief
21 agrees to execute promptly any documents that may be required to complete the sale of
22 the defendant vehicle.

23     12.    Upon the sale of the defendant vehicle, the net sale proceeds, less any
24 storage fees, maintenance fees, disposal costs and auctioneer fees, will be divided as
25 follows:

26         a.    To Steven Schlief: $1,200.00 of the net proceeds from the sale of the
27             defendant vehicle.
28

      b.    To the United States: The remainder of the net sale proceeds.  All right, title, and interest in said funds shall be substituted for the defendant vehicle and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4), to be disposed of according to law.

13.    The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure, forfeiture, or sale of the defendant vehicle.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, forfeiture, or sale, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

14.    No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15.    All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED:  October 30, 2012.

_____
UNITED STATES DISTRICT JUDGE

Consent Judgment of Forfeiture